**UNITED STATES of America, Appellee,**

v.

**Leon WINN, Appellant.**

**No. 91–3710.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1992.

Decided July 9, 1992.

Richard M. Goldstein, Cape Girardeau, Mo., argued, for appellant.

Dean Robert Hoag, St. Louis, Mo., argued (Stephen B. Higgins and Sam C. Bertolet, of brief), for appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and MORRIS SHEPPARD ARNOLD,* District Judge.

JOHN R. GIBSON, Circuit Judge.

Leon Winn appeals from his conviction of two counts of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) and § 924(e)(1)

---

* THE HONORABLE MORRIS SHEPPARD ARNOLD was United States District Judge for the Western District of Arkansas at the time this case was submitted and was appointed Circuit Judge of the United States Court of Appeals for the Eighth Circuit on June 1, 1992.

(1988). Winn argues that he should have been indicted for only one offense because his simultaneous possession of more than one gun is only one crime. He also argues that the district court [1] should have suppressed his confession and the evidence from a warrantless search of his house because he did not act voluntarily in waiving his *Miranda* [2] rights or in consenting to the search. We affirm.

On May 14, 1989, police responded to a complaint that Leon Winn had brandished a gun in front of the house of Anthony Carter and Mary Jones. Carter testified at trial that Winn pulled into Carter's driveway and displayed a pistol, which Carter described as "a .22 on a .32 frame," and then left.

While the police were looking for Winn, Winn pulled up behind the car of Officer Lawrence Fleming. Officer Fleming drew his gun on Winn and arrested him for assault. Officer Fleming testified that he advised Winn of his Miranda rights at the time of the arrest, then took him to the police station. At the police station, Fleming first obtained Winn's signature on a form consenting to the search of his house, explaining to Winn that he did not have to consent to the search. Winn testified that he "told them they could search [the house]," but that police also told him that if he did not let them search without a warrant he would go to jail. Officer Fleming said he did not recall making the later statement and did not believe he would have said any such thing.

After Winn signed the Consent to Search, police again advised him of his *Miranda* rights, completing an advice of rights checklist. Winn was put in leg shackles before questioning.

Upon questioning, Winn admitted owning a .22 caliber revolver, but denied that he had had it outside of his house. When police searched his house, they not only found the revolver under a mattress, but noted two other firearms hanging on the wall. They informed the Bureau of Alcohol, Tobacco and Firearms, whose agents executed a search warrant three days later and seized the other two guns. Winn was indicted and convicted on two counts of possession of a firearm by a convicted felon, one count for the May 14 possession and the other for the May 17 possession at his home.

There was expert testimony that Winn has an IQ of 71, which is considered borderline mentally retarded. He has a tenth grade education and can read and write to some extent.

■ Winn first argues that he should only be convicted on one count of gun possession, since he possessed all three firearms at the same time. *See United States v. Powers*, 572 F.2d 146, 151–52 (8th Cir.1978). However, the evidence at trial was of two discrete crimes—the possession of the pistol at Anthony Carter's on May 14 and the possession of the other two guns three days later at Winn's own home. [3] Therefore, there were two distinct crimes. *United States v. Bonavia*, 927 F.2d 565, 568–69 (11th Cir.1991). [4]

Winn next argues that his *Miranda* waiver and consent to the warrantless search of his home were involuntary.

■ "We review the district court's factual findings concerning whether a defendant waived his [*Miranda*] rights under the clearly erroneous standard. We review the ultimate determination of whether waiver occurred, however, as a question of law subject to de novo review." *United States v. Caldwell*, 954 F.2d 496, 504 (8th Cir.1992) (citation omitted), *petition for cert. filed*, No. 91–1861 (May 18, 1992). The magistrate judge, [5] whose findings

---

**1.** The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** The government also points out that Winn obtained each of the guns at different times.

**4.** Winn's sentences for the two crimes run concurrently.

**5.** The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

were adopted by the district court, stated that Winn understood his rights, and that "[h]is statements were not the product of unlawful police coercion or inducement." Report and Recommendation of Nov. 8, 1990 at 8. Winn does not point to any police conduct impermissibly pressuring him to make the statements. *See Colorado v. Connelly*, 479 U.S. 157, 170, 107 S.Ct. 515, 523–24, 93 L.Ed.2d 473 (1986). Therefore, reviewing the totality of the circumstances and the conduct of the police in this case, we conclude that the district court acted correctly in refusing to suppress Winn's statements.

 Voluntariness of a consent to search is a question of fact, to be reviewed only for clear error. *See United States v. McKines*, 933 F.2d 1412, 1423 (8th Cir.) (en banc), *cert. denied*, — U.S. ——, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991); *id.* at 1425 (Gibson, J., concurring). Voluntariness is determined from the totality of the circumstances. *Id.* at 1423. The magistrate judge considered Winn's testimony that he was told he would go to jail if he did not consent to the search and the expert testimony concerning his mental capacity. She concluded that Winn was able to understand when he was told he did not have to consent to the search, and that his previous experience with the criminal law system had given him enough background that he was able to understand his rights. Under the totality of the circumstances, the magistrate judge concluded that Winn's consent was valid, and the district court adopted her findings. We see no clear error in the district court's conclusion.

We affirm the judgment of the district court.